

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Paul E. Budlow*  *Suite 400*  *DIRECT: 410-209-4917*
*Assistant United States Attorney*  *36 S. Charles Street*  *MAIN: 410-209-4800*
*Paul.Budlow@usdoj.gov*  *Baltimore, MD 21201-3119*  *FAX: 410-962-3091*

May 11, 2018

The Honorable Marvin J. Garbis
United States District Judge
Garmatz Federal Courthouse
101 W. Lombard Street
Baltimore, MD  21201

      Re:    *United States v. Harrison Lewis, III*, Criminal No. MJG-17-0323
             <u>Trial Date:  May 14, 2018</u>

Dear Judge Garbis:

      We write to address the following issues prior to the trial of Mr. Lewis:  identification of the defendant by tellers, the role of standby counsel, the government's request for additional voir dire and preliminary jury instructions, and the government's request for an additional jury instruction regarding the defendant's *pro se* status.

    **I.**       **Identifications of the Defendant By Tellers**

      As discussed at the pretrial conference/motions hearing on May 1, 2018, the government intends to call Kelcey Karlosky during trial.  Ms. Karlosky was a friend of the defendant and lived with him during the period of the charges in the Superseding Indictment.  Prior to trial, Ms. Karlosky viewed still images and video from the robberies and has identified the defendant from those images and videos.  The government expects Ms. Karlosky to similarly identify the defendant during her testimony.  This testimony is not the subject of any pretrial motions, and such testimony is not excludable.  Additionally, the government intends to ask the arresting officers to identify the defendant at trial.

      As to the victim tellers, the government will not ask any of them to attempt to make an identification of the defendant during trial.[1]  The government did learn recently, however, that one of the victim tellers saw the defendant's booking photograph on a news report, and recognized the defendant as the man who robbed him.  Count 9 charges the robbery of the PNC

---

[1] Three of the victim tellers saw news reports with a photograph of the robber from the December 28, 2017 robbery of the SunTrust in Catonsville (Count 1).  The tellers recognized the robber of the SunTrust as the same person who robbed them.  Since this testimony is not an identification of the defendant, and because it does not involved law enforcement conduct, it is not subject to motions to suppress.

Bank in Ellicott City on January 19, 2017.  A few weeks after the robbery, the victim teller, E.O., saw a news story reporting the arrest of "the Winter Hat Bandit" following the robbery of the PNC Bank in Phoenix, Maryland (Count 6, January 30, 2018).  The news story showed the booking photograph of the defendant (only one photograph was released to the media by the Baltimore County Police Department).  E.O. will testify that he immediately recognized the man in the photograph as the person that robbed him less than two weeks earlier.

      E.O.'s testimony is admissible, and is not subject to a pretrial motion based on being unnecessarily suggestive.  *See Perry v. New Hampshire*, 565 U.S. 228 (2012).  In *Perry*, the Supreme Court held that there is no requirement of preliminary judicial inquiry into the reliability of eyewitness identification, which was not procured under unnecessarily suggestive circumstances arranged by law enforcement.  *Id.* at 242  The Court recognized that the primary aim of excluding identification evidence obtained under unnecessarily suggestive circumstances is to deter law enforcement's use of improper procedure.  *Id.*  Thus, in cases such as this, where there is no improper police conduct, that rationale does not apply.  The Court held that "when no improper law enforcement activity is involved . . . it suffices to test the reliability [of the identification testimony] through the rights and opportunities generally designed for that purpose." *Id*. (cross-examination during trial, the rules of evidence, the opening and closing statements, the jury instructions, and the standard of proof beyond a reasonable doubt).

      In *Perry*, the witness identified the defendant, who just happened to walk into her line of sight while she was talking to a police officer.  In rejecting a requirement to prescreen eyewitness evidence for reliability whenever an identification is made under what could be considered "suggestive circumstances," the court specifically mentioned the circumstances in which a witness identifies the defendant to police after having seen a picture of the defendant on the news as another example where such a rule would be inappropriate.  *Id*. at 244.

    **II.**      <u>**The Role of Standby Counsel**</u>

      As this Court has recognized, the defendant has a constitutional right to conduct his own defense, so long as his decision to waive his Sixth Amendment right to counsel is made knowingly and intelligently.  *See Faretta v. California*, 422 U.S. 806, 821 (1975). The Supreme Court also has recognized the trial court's authority to appoint standby counsel, with or without the defendant's consent, in order to assist the *pro se* defendant if and when he requests help, and "to be available in the event that termination of the defendant's self-representation is necessary." *Id.* at 834 n.46.  The primary purpose of standby counsel is to provide technical assistance to the *pro se* defendant, to help him successfully navigate the rules of courtroom procedure and protocol, without constant reminder by the judge,[2] and to otherwise "assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals." *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984). A *pro se* defendant is

---

[2] Even when the right to self-representation has been validly invoked, the defendant must abide by the rules and procedures of the courtroom.  *Id.* at 834, n.46; *see also Clark v. Perez*, 510 F.3d 382, 395 (2d Cir. 2008) ("A trial court may deny the right to act *pro se* where the defendant 'deliberately engages in serious and obstructionist misconduct,' . . . or is not 'able and willing to abide by rules of procedure and courtroom protocol.'") (citations omitted).

ultimately responsible for and must be allowed to conduct his own defense "in his own way." *Wiggins*, 465 U.S. at 177 & n.8 (a *pro se* defendant "cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel'") (quoting *Faretta*, 422 U.S. at 834 n.46). Thus, the role of standby counsel is substantially more limited than that of retained or appointed counsel.

Two important limitations on the role of standby counsel were set forth by the Supreme Court in *Wiggins*. First, the Court held that "the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury." 465 U.S. at 178. Second, the Court held that "participation of standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself." *Id.*[3] Although participation by counsel with the *pro se* defendant's express approval is not constitutionally objectionable, *id.* at 182, federal courts have uniformly held that a criminal defendant has no constitutional right to "hybrid" representation (i.e., to appear on his own behalf when he deems appropriate, and to also "choreograph special appearances by [standby] counsel."). *Wiggins*, 465 U.S. at 183 *("Faretta* does not require a trial judge to permit 'hybrid' representation"); *see also Clark*, 510 F.3d at 395 (citing *United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir. 1997)); *United States v. Nivica*, 887 F.2d 1110, 1121 (1st Cir. 1989); *United States v. Williams*, 791 F.2d 1383, 1389 (9th Cir. 1986), *United States v. Anderson*, 716 F.2d 446, 449 (7th Cir. 1983); *United States v. Hill*. 526 F.2d 1019, 1024 (10th Cir. 1975). Although the trial court has discretion to allow hybrid representation, it is not compelled to grant such a request. *See Clark*, 510 F.3d at 395 (citing *United States v. Tutino*, 883 F.2d 1125, 1141 (2d. Cir. 1989)). Moreover, extensive use of standby counsel can be deemed a waiver of the right of self-representation. *See United States v. Heine*, 920 F.2d 552, 555 (8th Cir. 1990).

Generally, the *pro se* defendant "must be allowed to control the organization and content of his own defense," and participate meaningfully in all aspects of trial, including motion practice, examination of witnesses, jury selection and bench conferences. *Wiggins*, 465 U.S. at 174. He must also be allowed to address the Court and the jury at appropriate times and any disputes between him and his standby counsel that may arise must be "resolved in the defendant's favor whenever the matter is one that would normally be left to the discretion of counsel." *Id.* at 179.

With these rights and limitations in mind, the government sets forth the following parameters it believes the defendant should be advised of regarding his rights as a *pro se* defendant and the role of standby counsel:

1. The defendant must be permitted to freely argue points of law to the Court, participate in jury selection, question witnesses and address the Court and the jury at all

---

[3] The Court in *Wiggins* ultimately found that standby counsel's conduct in that case (which included unsolicited comments in front of the jury including counsel's "regrettable" use of profanity to express his frustration with the *pro se* defendant), did not ultimately violate the defendant's right to conduct his own defense. *Id.* at 185-87. However, the Court cautioned that "standby counsel's participation at Wiggins' trial should not serve as a model for future trials," *id.* at 186, and that *"Faretta* does not require a trial judge to permit 'hybrid' representation of the type Wiggins was actually allowed." *Id.* at 183.

appropriate times. *See Wiggins*, 465 U.S. at 174. Standby counsel should not take an active role in the representation of Mr. Lewis (by, for example, addressing the court and jury, questioning witnesses).

2.      The defendant should be permitted to file motions either by mail or with the assistance of his standby counsel, so long as such filings are not frivolous. *See United States v. Brown*, 1:09-CR-30, 2009 WL 929919 (D. N.H. Apr. 3, 2009) ("If Defendants . . . limit their participation to the continual filing of "notices" that are patently frivolous, the Court has the ability to enjoin them from making further frivolous filings and can require standby counsel to play a greater role in screening filings . . . .") (citation omitted). *See also United States v. Walsh*, 742 F.2d 1006, 1007 (6th Cir. 1984) (requiring defendant to submit motions to advisory counsel for review, but not approval, held not to violate defendant's right of self-representation)

3.      Standby counsel should be permitted to assist Mr. Lewis only if and to the extent he expressly requests and consents to his assistance.  Such assistance can include help with courtroom procedure, filing motions, evidentiary matters, legal research and other procedural matters that will help the defendant achieve his goal of presenting his own defense in his own way.  The defendant should also be advised that if standby counsel assumes responsibility for a task with which he has not requested assistance, he should raise any objection to any such assistance with the Court as soon as possible.

4.      The defendant should not be permitted to "choreograph special appearances" by standby counsel in this case, particularly before the jury.  The government respectfully requests that the Court decline any request by Mr. Lewis for "hybrid" representation and advise Mr. Lewis that his extensive use of standby counsel will effectively waive his right to proceed *pro se*. Hybrid representation in this case would risk confusing the jury about whether or not the defendant is truly representing himself and would put appointed standby counsel in the untenable position of either presenting arguments advanced by the defendant that may not have a basis in law or objecting to the defendant's request to present such arguments, creating unnecessary conflict, confusion and delay.

5.      Mr. Lewis should be advised again that while he may change his mind about representing himself and request counsel take over his representation, he does not have the absolute right to withdraw his request for self-representation once meaningful trial proceedings have begun.  *See United States v. Merchant,* 992 F.2d 1091, 1094-97 (10th Cir. 1993); *United States v. Taylor*, 933 F.d 307, 311 (5th Cir. 1991), *United States v. Solina*, 733 F.2d 1208, 1211-12 (7th Cir. 1984).  Thus, any such request by Mr. Lewis that would cause undue delay of the trial or that is made after trial has begun may be denied by the Court.

6.      Standby counsel should be permitted in the courtroom and made available to the defendant for consultation, but standby counsel should not sit at counsel table with the defendant.

In light of the content of the defendant's pretrial *pro se* motions, the government further requests that the Court instruct the defendant as follows:

        a)        The defendant shall not argue or elicit evidence relating to the legality of the traffic stop that has previously litigated.

        b)        The defendant shall not reference, either in his questions to witnesses, opening statement, or closing argument, comments made by prosecutors in written filings or outside the presence of the jury.

        c)        The defendant's opening statement shall state only what he believes the evidence will show, not what he says the evidence is, or what he knows.

        d)        Although the defendant may give an opening statement, closing argument, and may cross examine witnesses, the defendant shall not testify or state facts that he believes, except for during his sworn testimony, if he so chooses to testify.[4]

### III.    Additional Voir Dire and Preliminary Instruction

The government requests that the Court ask the following additional question during the voir dire of the prospective jurors:

In this case, the defendant—who is not an attorney—has freely and voluntarily waived his constitutional right to be represented by counsel, and has elected to serve as his own attorney. Mr. Ruter (STAND) is serving as Stand-By Counsel to Mr. Lewis. As Stand-By Counsel, Mr. Ruter may advise and assist the defendant, but he does not control his actions. Mr. Lewis is his own attorney in this case, and it is he, not Mr. Ruter, who has control over the defense in this trial.

(a)    With that said, do you feel, for whatever reason, that you would have difficulty sitting in judgment of a defendant who has elected to represent himself, rather than be represented by an attorney?

(b)    Would anyone feel more or less sympathy for the defendant because the defendant decided to represent himself at this trial?

In view of the defendant's election to represent himself, the United States respectfully requests that the following preliminary instruction be given to the jury. The instruction is derived from a compilation contained in the Third Circuit Pattern Jury Instructions at Section 1.18. This instruction was given by the Honorable Benson E. Legg in the trial of *Jenerette Dixon*, Criminal Case No. BEL-10-552, when Mr. Dixon elected to represent himself. The proposed instruction reads:

---

[4] As the Supreme Court made clear in *Faretta v. California*, 422 U.S. 806, 835 (1975), a defendant's decision to waive the right to counsel is only valid if it is timely, clear and unequivocal, and knowing, intelligent, and voluntary. *See also United States v. Ductan*, 800 F.3d 642, 650 (4th Cir. 2015). Indeed, "while some courts have found that a defendant can validly waive the right to counsel by conduct or implication" this is not the case in the Fourth Circuit. *Id.* Accordingly, the Government must ensure that the Defendant's decision to represent himself is sufficient—either by having the opportunity to review the transcript of the *Faretta* hearing, which was held *ex parte*, or by having the Court proceed with the *Faretta* inquiry again.

"Harrison Lewis, III has decided to represent himself in this trial and not use the services of a lawyer. He has a constitutional right to do that. His decision has no bearing on whether he is guilty or not guilty, and it must not affect your consideration of the case. Because Mr. Lewis has decided to act as his own lawyer, you will hear him speak at various times during the trial. He may make an opening statement and closing argument. He may ask questions of witnesses, make objections, and argue to the Court. I want to remind you that when Mr. Lewis speaks in these parts of the trial he is acting as a lawyer in the case, and his words are not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted as evidence."

### IV.    Additional Proposed Jury Instruction

(Pro Se Defendant)

Harrison Lewis, III decided to represent himself in this trial and not use the services of an attorney. He had a constitutional right to do so. His decision has no bearing on whether he is guilty or not guilty, and it must not affect your consideration of the case. Because Mr. Lewis decided to act as his own attorney, you have heard him speak at various times during the trial. He made an opening statement and may soon make a closing argument. He asked questions of witnesses, made objections, and argued to the Court. But I want to remind you that when Mr. Lewis spoke during these parts of the trial, he was acting as an attorney in the case, and his words were not evidence. The only evidence in this case came from witnesses who testified under oath on the witness stand, from the stipulations agreed-upon by the parties, and from exhibits that were admitted as evidence. [IF THE DEFENDANT TESTIFIES, THEN ADD: The only statements made by Mr. Lewis during this trial that you may consider as evidence are those he made when he was testifying, under oath, on the witness stand.]

Relatedly, some of my instructions today will reference the attorneys in this case. Do keep in mind that, when I refer to those attorneys, I am referring both to the attorneys for the Government and to Mr. Lewis, who was his own attorney during this trial.

Third Circuit Pattern Instructions, 1-18 Pro Se Defendant (modified).

Thank you for your time and consideration.

                                      Respectfully submitted,

                                      Robert K. Hur
                                      United States Attorney

                                        /ss/
                    By: _____
                                      Paul E. Budlow
                                      Paul A. Riley
                                      Assistant United States Attorneys

cc:  Gerald Ruter, standby counsel for Harrison Lewis, III